IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

VICKIE JEANS                                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:17-cv-00145-NBB-JMV

JOHN DOE AND XYZ CORPORATIONS 1-2
AND SHELTER MUTUAL INSURANCE COMPANY
AND SHELTER GENERAL INSURANCE COMPANY                                  DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon the defendants' motion for summary judgment. Upon due consideration of the motion, response, exhibits, and applicable authority, the court is ready to rule.

Factual and Procedural Background

On June 6, 2016, the plaintiff, Vickie Jeans, was traveling southbound on Highway 51 in Hernando, Mississippi, in her 2013 Hyundai Accent. Traveling directly in front of her was a truck driven by an unidentified driver. As the two vehicles traveled southbound on Highway 51, a piece of wood was propelled from the truck in front of the plaintiff, striking her windshield and allegedly causing injuries to her. The truck did not stop after the accident, and the owner/operator is unknown. The plaintiff therefore alleges that the truck owner/operator is an "uninsured motorist" as defined by the plaintiff's uninsured motorist policy issued by the defendant Shelter Mutual Insurance Company ("Shelter Mutual") and that the truck was a "hit-and-run motor vehicle" as defined by the policy.

At the time of the incident, the plaintiff was insured under Shelter Mutual policy number 23-1-9898379-1, which insured her vehicle with uninsured motorist coverage in the amount of $25,000 each person and $50,000 each accident, subject to the terms, conditions, and

declarations of the policy. According to the defendants, Shelter General Insurance Company did not issue any applicable policy to the plaintiff.

Following the accident, the plaintiff made a claim for uninsured motorist benefits under her Shelter Mutual policy for injuries she allegedly sustained in the accident. Defendant Shelter Mutual denied her claim on the basis that her vehicle never came into actual physical contact with another vehicle, as the policy specifically excludes situations such as this involving debris colliding with an insured or vehicle occupied by an insured.

In response to Shelter Mutual's denial of coverage, the plaintiff filed the instant lawsuit in the Circuit Court of DeSoto County, Mississippi, on June 23, 2017, seeking actual damages for her injuries and punitive damages because she alleges claims for bad faith denial of coverage. The defendants were served with process on July 25, 2017, and subsequently and timely removed the action to this court on August 11, 2017, pursuant to 28 U.S.C. § 1441, invoking the court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332. The defendants now move for summary judgment.

## Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. Further, the non-movant "must do more than simply show that there is

some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

When deciding a motion for summary judgment, the court must view the underlying facts in the "light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). As such, all reasonable inferences must be drawn in favor of the non-movant. *Id.* Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita*, 475 U.S. at 587 (1986). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

## Analysis

The defendants argue that Shelter Mutual's policy language and provisions plainly, unambiguously, and specifically exclude uninsured motorist coverage in situations such as the instant case where propelled debris collides with a vehicle occupied by an insured. The defendants assert that summary judgment is appropriate here because there are no genuinely contested issues of material fact and the interpretation of insurance policy language is a question of law. *Lewis v. Allstate Ins. Co.*, 730 So. 2d 65, 68 (Miss. 1998).

The language and provisions of insurance policies are viewed as contracts and are subject to the same rules of interpretation as other contracts. *Hankins v. Maryland Cas. Co./Zurich Am. Ins. Co.*, 101 So. 2d 645, 653 (Miss. 2012). Under Mississippi law, when the language of an insurance policy is plain and unambiguous, the court will afford the language its plain, ordinary meaning and will apply the language as written. *Lewis*, 730 So. 2d at 68. Accordingly, "the appropriate analysis should . . . be driven by . . . the policy language. The policy either affords coverage or not, based upon application of the policy language to the facts presented." *Hankins*,

101 So. 2d at 653 (citing *Architex Ass'n, Inc. v. Scottsdale Ins. Co.*, 27 So. 3d 1148, 1156 (Miss. 2010)).

In the present case, the plaintiff's Shelter Mutual policy provides, in applicable part, as follows:

DEFINITIONS

. . .

(18) **Hit-and-run motor vehicle** means a **motor vehicle**:
    (a) That came into actual physical contact with an **insured** or a vehicle **occupied** by an **insured**; and
    (b) Whose **owner** or **operator** cannot be identified because its **operator** left the scene of the **occurrence** with that **motor vehicle**.
This definition does not include vehicles that propel debris that collides with an **insured** or a vehicle **occupied** by an **insured**.

. . .

PART IV – COVERAGE E – **UNINSURED MOTOR VEHICLE** LIABILITY COVERAGE

The following coverage is provided under this policy only if it is shown in the **Declarations** and is subject to all conditions, exclusions, and limitations of **our** liability, stated in this policy.

INSURING AGREEMENT FOR COVERAGE E

If the **owner** or **operator** of an **uninsured motor vehicle** is legally obligated to pay **damages**, **we** will pay the **uncompensated damages**; but this agreement is subject to all conditions, exclusions, and limitations of **our** liability, stated in the policy.

Ex. 3, Shelter Mutual policy. (Emphasis in original indicating defined terms).

The defendants assert that the policy's definition of "hit-and-run motor vehicle" precludes coverage in this case. As set forth in the policy language quoted above, the policy requires that the hit-and-run motor vehicle "[come] into actual physical contact with an insured or a vehicle occupied by an insured." The policy explicitly provides that "[t]his definition does

4

not include vehicles that propel debris that collides with an insured or a vehicle occupied by an insured."

The plaintiff argues in response to the defendants' motion for summary judgment that the wood is not "debris"; that the wood was not "propelled"; and that contact by the wood constitutes "actual physical contact." The plaintiff asserts that the truck was a utility truck and the wood was a cut, untreated log that was logically intended for some commercial use and was not intentionally discarded. Even assuming this is true, though it cannot be proven under the facts of this case, the log would still fit within the common, ordinary use and definition of the term "debris." Anything entering a roadway that does not belong there is commonly considered debris, and it makes no difference whether the owner intended for the debris to end up in the road as deliberate litter or whether it ended up there by accident, as in the present case.

Likewise, there is no requirement that the debris be intentionally "propelled," as the plaintiff seems to suggest. As the defendants argue, the only requirement is that the debris be propelled. The basic laws of physics require that some force be applied to the wood in order for it to move. A force that imparts motion was clearly applied to the wood at issue here, or it would have remained in the bed of the truck. The fact that this force caused the wood to bounce out of the truck means it was in every sense of the term "propelled." Had it not been propelled, it could not have made contact with the plaintiff's vehicle.

Finally, contrary to the plaintiff's argument, the fact that the log that made contact with the insured's vehicle was initially lodged in the bed of the truck and became dislodged is irrelevant as to the requirement of "actual physical contact" with the motor vehicle, as the log is not a motor vehicle.

In *Southern Farm Bureau Cas. Ins. Co. v. Brewer*, 507 So. 2d 369 (Miss. 1987), the Mississippi Supreme Court, finding ambiguity in the policy definition of "hit-and-run vehicle," ruled in favor of the insured where an unknown vehicle struck a brake drum in the roadway, thereby causing the object to be propelled into the insured vehicle. Unlike the plaintiff's Shelter Mutual policy, however, the Southern Farm Bureau policy did not define "hit-and-run vehicle" to require "actual" physical contact. In determining the existence of an ambiguity in the policy language and in resolving the ambiguity in favor of the insured, as required by case law, the court did acknowledge that coverage for claims caused by indirect contact may be contracted away if the policy language is clear and unmistakable, stating:

> Had the insurance company intended that the provision apply only where there is direct, as opposed to indirect physical contact, between the hit-and-run vehicle and the vehicle of the insured, it should have so provided in unmistakably clear language. And since the provision of the policy was capable of two meanings, the meaning and construction most favorable to the insured should be applied.

*Id.* at 372 (internal citations omitted).

Shelter Mutual accepted the Mississippi Supreme Court's invitation to limit hit-and-run coverage to instances of actual physical contact with the uninsured motor vehicle and even took the extra step to specifically exclude instances caused by propelled debris. The court therefore finds that coverage is lacking in this case, and the defendants' motion for summary judgment is well taken and should be granted.

## Conclusion

In accordance with the foregoing analysis, the court finds no genuine issue of material fact in this case, and the defendants are entitled to judgment as a matter of law.

The defendants' motion for summary judgment is therefore well taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 26th day of September, 2018.

    /s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE